*C. S. Hill, J. W. Jones, for appellant.*     *Moss, for appellee.*

---

### J. L. BARNARD *v.* COMMONWEALTH.

**Criminal Law—Plea to Indictment.**

> Where there has been no plea to the indictment before the trial in the circuit court and no objection made because of such omission, the case will be treated in the court of appeals as if the plea had been made.

**Obstruction of Highway.**

When in a criminal case one is charged with obstructing a public highway, the question of whether the way obstructed was a public highway should be submitted to the jury.

**Agency in Crime.**

There can be no agency in crime and a landlord who was not present or directing his tenant to build a fence in a public highway cannot be held guilty. In such case the prosecution should be against the tenant.

### APPEAL FROM OHIO CIRCUIT COURT.

#### October 6, 1876.

Opinion by Judge Elliott:

This appeal questions the correctness of the judgment in the above cause, and mainly on the ground that the court below failed to properly instruct the jury.

The indictment charged the defendant with the erection of a fence in the public highway and its continuance therein for one year. The record fails to show that the defendant put in any plea to the indictment, but it does show that he not only appeared and resisted the recovery all through the trial, but that even after it was over he filed grounds for a new trial and supported them with several affidavits, and this record fails to show that either his evidence or other effort to manifest his innocence were objected to by the state attorney because he had failed to plead to the indictment. The case having been tried in the court below as if the defendant had plead not guilty, it will be so treated here. There were several witnesses sworn as to whether the fence encroached upon the public highway, but the commonwealth failed to show by any record evidence that any public highway had ever been located at the place where defendant had built his fence; nor does the evidence show that a road where the obstruction occurs had been made and used by the public for such a length of time as to create the presumption of a dedication of the said land over which said road ran to the public for public use as a highway. We are, therefore, of opinion that the question as to whether the road charged to have been obstructed by defendant's fence was a public road or not, ought to have been submitted to the jury, and the failure of the court so to do was error.

The only proof in this record connecting the defendant with the erection of said fence is that his tenant, Harper, built the fence at the place charged in the indictment to be an encroachment on the

public road. Upon this evidence the court instructed the jury that if the defendant, by himself or agent, created said obstruction, he was guilty as charged; and the jury may have inferred that Harper was defendant's agent from the mere fact that he was his tenant. A tenant is as independent of his landlord and has as absolute a property in the premises and the control of them during the continuance of his term, as the landlord had before he rented them, and if the premises where the obstruction occurred were in the possession of Harper as tenant for an unexpired term, and he was guilty of the purpresture, the defendant is not guilty, unless he directed or sanctioned the same; and the fact that Harper was his tenant did not make him his agent especially in the commission of a trespass. As the jury may have believed that as tenant Harper was the general agent of his landlord, and by reason of the failure of the court to distinguish between an agent and a tenant in his instruction, we are of opinion the said cause should be *reversed,* which is done, and said cause remanded with leave to the defendant to plead to the indictment, and for further proceedings not inconsistent with this opinion.

*Walker & Hubbard, for appellant.   Moss, for appellee.*